MICHAEL J. DAWSON, ESQ.  
Nevada Bar No. 000944  
515 South Third Street  
Las Vegas, NV 89101  
(702) 384-1777  
mdawson@lvcoxmail.com  
Attorney for Debtor

*E-filed on 03/14/05*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re ) | CASE NO: BK-S 04-19784-BAM |
| ) | |
| RISING SUN PROPERTIES, L.L.C., ) | CHAPTER 11 |
| ) | |
| Debtor. ) | DATE: *proposed* |
| ) | TIME: *proposed* |

## CHAPTER 11 PLAN OF

## REORGANIZATION

*of*

## RISING SUN PROPERTIES, L.L.C.

Submitted by:

*/s/ Michael J. Dawson*  
MICHAEL J. DAWSON, ESQ.  
State Bar No. 000944  
515 South Third Street  
Las Vegas, NV 89101  
(702) 384-1777  
*mdawson@lvcoxmail.com*  
Attorney for RISING SUN PROPERTIES, L.L.C.

# TABLE OF CONTENTS

| | | |
|---|---|---|
| ARTICLE I | DEFINITIONS | page 3 |
| ARTICLE II | CLASSIFICATIONS OF CLAIMS | page 5 |
| ARTICLE III | TREATMENT OF CLAIMS | page 6 |
| ARTICLE IV | EXECUTORY CONTRACTS | page 8 |
| ARTICLE V | EXECUTION OF THE PLAN | page 8 |
| ARTICLE VI | MODIFICATION OF THE PLAN | page 9 |
| ARTICLE VII | DISCHARGE | page 10 |
| ARTICLE VIII | RETENTION OF JURISDICTION | page 10 |
| ARTICLE IX | MISCELLANEOUS PROVISIONS | page 12 |
| ARTICLE X | ALLOWANCE OF ADMINISTRATIVE CLAIMS | page 12 |
| ARTICLE XI | RIGHTS OF PRIORITY CLAIMANTS | page 12 |
| ARTICLE XII | RIGHTS OF SECURED CLAIMANTS | page 13 |
| ARTICLE XIII | RIGHTS OF UNSECURED CLAIMANTS | page 13 |
| ARTICLE XIV | CRAM-DOWN | page 14 |
| ARTICLE XV | PAYMENT OF SECTION 930 FEES | page 14 |
| ARTICLE XVI | REFINANCING OPTIONS | page 14 |
| ARTICLE XVII | INCORPORATION OF DISCLOSURE STATEMENT | page 15 |

**MICHAEL J. DAWSON, ESQ.**
515 South Third Street
Las Vegas, NV 89101

RISING SUN PROPERTIES, L.L.C., hereinafter, "Debtor", the Debtor-in-possession in this Chapter 11 bankruptcy, hereby proposes the following Plan of Reorganization, by through its attorney of record, Michael J. Dawson, Esq., requesting acceptance of the Plan by its creditors, and confirmation of the Plan by the Court.

## ARTICLE I.

## DEFINITIONS

The following terms, when used in this Plan of Reorganization, shall have the following respective meanings:

**1.01 Administrative Claim:**

This term shall refer to every claim to an expense of administration of the reorganization case including the actual and necessary expenses of preserving and making a disposition of the assets of the Debtor, any actual and necessary expenses of operating the business, and all allowances, including professional fees, costs, and U.S. Trustee's fees, and other claims approved by the Court in accordance with the provisions of the United States Bankruptcy Code.

**1.02 Allowed Claim:**

This term shall refer to every claim: (a) (I) as for which a Proof of Claim has been file with the Court in the time fixed by the Court or, if such claim arises from the Debtor's rejection of an executory contract, if any, from thirty (30) days after the Effective Date of the Plan, or (ii) which Debtor has listed or scheduled, as of the effective date of the Plan, as liquidated in an amount undisputed; and in either event: (b) (I) as to which no objection to the allowance of such claim, or requests for subordination thereof which (if granted) will affect the distribution to the creditor asserting the claim, has been filed within any applicable time period fixed by the Court, or (ii) as to which the Order allowing such claim and establishing (if applicable) its priority has become final and non-appealable.

**1.03 Bankruptcy Code:**

This term shall refer to Title 11 of the United States Code, as now existing and hereafter amended.

**1.04 Claim:**

This term shall refer to every right and remedy encompassed within the statutory definition set forth in Section 101(5) of the Bankruptcy Code, whether or not such claim is an "allowed claim," as is defined elsewhere herein.

**1.05 Confirmation Date:**

This term shall refer to the date of the entry on docket of the Court's Order confirming the Plan and any and all supplemental Orders affecting the content of the Plan or Orders entered in conjunction with the Plan for the purpose of implementing the Plan.

**1.06 Confirmation Order:**

This term shall refer to the Court's Order confirming the Plan and any all supplemental Orders confirming amendments to the Plan or Orders entered in conjunction with Plan for the purpose of implementing the Plan.

**1.07 Court:**

This term shall refer to the United States Bankruptcy Court for the southern portion of the District of Nevada, except insofar as it is necessary or appropriate for jurisdiction to be exercised by the United States District Court for the southern portion of the District of Nevada, or other courts which the Debtor may utilize to consummate this Plan or otherwise preserve the assets of the Debtor.

**1.08 Creditor:**

This term shall refer to every holder of a claim, whether or not such claim is an "allowed claim," encompassed within the statutory definition set forth in Section 101(10) of the Bankruptcy Code.

**1.09 Debtor in Possession:**

This term shall refer to RISING SUN PROPERTIES, L.L.C., which is the Debtor of record in the instant case.

**1.10 Effective Date:**

This term shall refer to the first business day thirty (30) days after the date on which the

Confirmation Order has become final and non-appealable with no appeal(s) then pending. Except where the earlier performance by Debtor is expressly required in the provisions of this Plan, all time periods shall run form the Effective Date of the Plan; nevertheless, Debtor shall have the right, but not the obligation, to render the performance due hereunder prior to the Effective Date if Debtor, in its business judgment, deems it appropriate to do so.

**1.11 Plan:**

This term shall refer to this Plan of Reorganization and every subsequent modification thereof, if any, filed by the Debtor.

**1.12 Reorganization Case:**

This term shall refer to the above-captioned bankruptcy proceeding pending before the United States Bankruptcy Court for the southern portion of the District of Nevada which the Debtor commenced by filing a voluntary Petition under Chapter 11 of the United States Bankruptcy Code on September 15, 2004.

ARTICLE II

CLASSIFICATION OF CLAIMS

Under the instant Plan, claims of creditors and ownership interests are classified as follows:

**2.01 Class 1 Claims(s) - Administrative Claims:**

The claims classified as Class 1 claim(s) shall be every claim that is an administrative claim, and entitled to priority payment under Section 507(a)(1) of the Bankruptcy Code and include U.S. Trustee fee payments which are owing, if any, at the time of the confirmation of this Plan. Claims by attorneys at law and other professionals are subject to approval by the Court as to their being reasonable.

**2.02 Class 2 Claim(s) - Priority Claims:**

The claims classified as Class 2 Claim(s) include claims owing to Nevada Department of Taxation in the amount of $200.00 stated, upon the Proof of Claim filed by this creditor, to be for "business license fees for un-registered business." As this claim is insignificant it will be paid in the ordinary course by Debtor, and is not reorganized under the instant Plan, but will be paid in the

ordinary course by the Debtor if not already paid.

### 2.03 Class 3 Claim - Claim of Clark County Treasurer:

The claim classified as the Class 3 Claim consists of the claim made by Clark County Treasurer for an arrearage of real property taxes, payment of which arrearage is reorganized by the Plan.

### 2.04 Class 4 Claim - Claim of Sun West Bank:

The claim classified as the Class 4 Claim consists of the claim owing to Sun West Bank, which is secured by Debtor's sole tangible asset, being the real property at 2640 East Sunset Road, Las Vegas, Nevada. This claim is composed of prepetition arrearage and obligation to make ongoing payments through 2012. Only the prepetition arrearage is reorganized by the Plan, with the ongoing payments to be made in the ordinary course as they fall due.

### 2.05 Class 5 Claim - Unsecured Claims Without Priority:

The claims classified as Class 5 claims include every claim that is unsecured and not classified in Classes 1 through 4. It does not include any portion of claims by creditors holding otherwise secured claims, which claims might, under some theory, be construed as undersecured. As of the writing of the instant proposed Chapter 11 Plan, there are no known unsecured general claims falling into this class. If any such claims do appear, they will be paid following claims having higher priority.

### 2.06 Class 6 - Ownership Interest of RISING SUN PROPERTIES, L.L.C.:

The claims classified as Class 6 claim(s) include every claim of Debtor, RISING SUN PROPERTIES, L.L.C. as an ownership interest, and not for repayment of a loan to or credit incurred by Debtor.

## ARTICLE III

## TREATMENT OF CLAIMS

A. Class 1 Administrative claims, provided they are allowed, will be paid in full, from funds provided by the Debtor's business operations. Accordingly, Class 1 claims are impaired, to the extent that they must await payment in the event funds are not available for this purpose upon

MICHAEL J. DAWSON, ESQ.
515 South Third Street
Las Vegas, NV 89101

the effective date of the Plan. The present or probable holder of such claims is bankruptcy counsel Michael J. Dawson, Esq., for unpaid attorneys fees costs incurred in the instant case. Regardless of the priority to which he may be entitled under the Bankruptcy Code, Michael J. Dawson, Esq. has agreed to that this administrative claim may be paid following payment in full of claims in Classes 2, 3 and 4.

The precise amount of attorneys fees and costs to be included in this class will be set in an Application for approval of attorneys fees and reimbursement of expenses to be filed and presented by counsel, and if the Application is granted, the attorneys fees and costs awarded will be an administrative claim.

     B.    Class 2 claims are those of governmental taxing and regulatory agencies. No significant claims in this class are known as of the writing of the instant Chapter 11 Plan.

     C.    The sole claim in Class 3 is the claim of Clark County Treasurer for real property taxes due through June of 2005. This claim will be paid in full, on a *pro rata* basis, contemporaneously with the prepetition arrearage owed to Sun West Bank, herein designated as Class 4, until paid in full. Interest at the rate of 8.5% per annum or the statutory rate, whichever is less, will be paid on the claim in this class.

     D.    The sole claim in Class 4 is the claim of Sun West Bank which is secured by the sole tangible asset of the Debtor being real property located at 2640 West Sunset Road, Las Vegas, Nevada. Debtor proposes to continue making ongoing payments on this claim in accordance with the contract between parties. In addition thereto, Debtor will make payments on the prepetition arrearage until the same is paid in full. Payments on the prepetition arrearage are to be reorganized and will be made contemporaneously, on a *pro rata* basis, together with payments to Clark County Treasurer, which is Class 3 herein. On or before January 31, 2012, the entire outstanding balance then owing to Sun West Bank will be paid by new financing. Well before that date, all arrearages will be paid in full. Interest at the contract rate will be paid on this Class 4 claim.

     E.    Class 5 is comprised of unsecured claims without priority, also known as unsecured general claims. If there are any Class 5 claims, they will be paid in full, as allowed, on a *pro rata*

basis from income generated by the business operations of Debtor.

  F. Class 6 claims are those of the ownership interest of RISING SUN PROPERTIES, L.L.C.  All value in the Debtor's estate, after the other claims having higher priority are paid according to the Plan, is property of the Debtor, and free and clear of encumbrances, except as the same may be granted by the instant Plan and/or the Order of the Court confirming the Plan.

ARTICLE IV

EXECUTORY CONTRACTS

  The one executory contract to which Debtor was party at the outset of this case, to wit: a lease for business premises was with a related company, Island Dreams, L.L.C., which is in its own Chapter 11 Bankruptcy proceeding filed in this Court prior to the instant proceeding.

  Debtor, as lessor, consents to the assumption of the executory contact with its tenant, Island Dreams, L.L.C., and accordingly, confirmation of the instant Plan will constitute judicially-approved assumption of the executory contract.

ARTICLE V

EXECUTION OF THE PLAN

  Within thirty (30) days following the effective date of the Plan, Debtor will begin making Plan payments, in accordance with the schedule of payments contained in Exhibit 1 hereto, for approximately 40 months, or for as long as may be necessary to pay all allowed claims in full. Debtor reserves the right, but does not hereby incur the obligation, to pay additional sums as it may be able, over and above the payments reflected in Exhibit 1.

  From the monthly Plan payments, distributions shall be made to creditors in accordance with the following priority:

  1. Administrative claims (Class 1), if any, on a *pro rata* basis, save and except attorneys fees and costs;

  2. Priority claims (Class 2), if any, until paid in full;

  3. Arrearages (in Classes 3 and 4) owing to Clark County Treasurer and to Sun West

Bank, on a *pro rata* basis[1] until paid in full;

    4.    Attorneys fees and costs as may be allowed by the Court after notice and a hearing;

    5.    Unsecured general claims (Class 5), if any, until paid in full.

The amounts to be paid to each of these classes are summarized below:

| CLASS/CLAIMANT | AMOUNT |
|---|---|
| Clark County Treasurer | 43,198.01 |
| Sun West Bank | 133,752.84 |
| Attorneys Fees/Costs | 5,000.00 |
| TOTAL | 181,950.85 |

As may be seen in Exhibit 1 hereto, the total of the payments to be made is enough to satisfy all claims by the 40th month of the Plan.

## ARTICLE VI

## MODIFICATION OF THE PLAN

Debtor retains the absolute right to modify this Plan in accordance with the provisions of the Bankruptcy Code. In this regard:

(a)    Modifications may be proposed in writing by Debtor at any time prior to confirmation provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

(b)    The Plan may also be modified by Debtor at any time after the confirmation, and before its substantial consummation providing that the Plan, as modified, meets the requirements of the Bankruptcy Code and the circumstances justify the modification.

(c)    Any holder of an Allowed Claim that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, the modified Plan unless, within the time fixed by the Court, such claim holder changes its previous acceptance or rejection.

(d)    Every modification of this Plan will supersede the previous version of the Plan. As superseded, the previous version of the Plan will be in the nature of a withdrawn or rejected

---

[1] Roughly 24.50% of the monthly Plan payment for Clark County Treasurer and 75.50% for Sun West Bank.

settlement proposal and will be null, void, and unusable by Debtor or any other party for any other purpose whatsoever with respect to the contents of he modified version of the Plan.

## ARTICLE VII

## DISCHARGE

The Chapter 11 discharge extends to all parties who have claims and who have been given notice of the filing of the bankruptcy or have constructive knowledge of the bankruptcy case in time to allow a timely filing of a Proof of Claim.

Confirmation and performance of the Plan pursuant to the Bankruptcy Code shall discharge and release Debtor from any and all debts dischargeable under the Bankruptcy Code. In addition, without limiting the generality of the foregoing, the rights and payments provided in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all claims of any nature whatsoever including interest accrued thereon, from and after the applicable petition date against Debtor, or any of its assets or properties.

All claims against Debtor shall be satisfied through execution of the Plan or discharged and released in full and all creditors and holders of claims shall be precluded from asserting against Debtor, or its assets or property claims based upon an act, omission, transaction, or any other activity of any kind that occurred prior to the confirmation date of the Plan.

Debtor retains the right to obtain any discharge available under 11 U.S.C. 1141 under any theory. If the assets of Debtor are liquidated, the proceeds therefrom shall be distributed in accordance with the provisions of the Bankruptcy Code and the confirmed Plan. If the Debtor is entitled in any respect to a discharge of some or all of it obligations, it retains the right to seek same.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Notwithstanding confirmation of this Plan, the Court shall retain jurisdiction until this Plan has been fully consummated, for the following purposes:

(a) to determine whether any claim is allowable or payable, or any objection thereto (or the

appropriate proceeding) by the Debtor or by any other party in interest entitled to proceed in that manner. As part of such retained jurisdiction the Court will continue to determine the allowability or administrative claims and any requests for payment thereof, including professional fees and cost which are administrative claims classified as Class 1 Claims.

(b) to determine any dispute which may arise regarding the interpretation of any provision of this Plan. The Court shall also retain jurisdiction to correct any defect, the curing of any omission or the reconciliation and inconsistency in this Plan or in the Order of Confirmation as may be reasonably necessary to carry out the purposes and intents of this Plan. In addition, the Court will retain jurisdiction for the enforcement and interpretation of the terms and conditions of this Plan and the Order of Confirmation issued with regard thereof.

(c) to facilitate the consummation of this Plan by entering, consistent with the provisions of this Plan, any further necessary or appropriate Order(s) regarding the enforcement of this Plan and any provisions thereof. This shall include the entry of any Order including injunctions necessary to enforce the title, rights and powers of Debtor's Plan and the imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary, just and proper.

(d) to determine all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes, conflicts whether subject to an action pending as of the date of confirmation between Debtor and any other party. The Court shall retain jurisdiction to adjudicate any claim including, but not limited to the adjudication of any and all "core proceeding" under 28 U.S.C. Section 157 (b) which may deem appropriate to initiate and prosecute.

(e) To adjudicate the classification of claims of any creditor and the re-examination of a claim which may have been allowed for the purpose of voting, and the determination of such objections as may be filed to the creditors' claims. The failure by the Debtor to object or examine such claim for the purpose of voting shall not be deemed to be a waiver of the Debtor's right to object or re-examine the claim in whole or in part as provided herein.

(f) to consider any modification of this Plan of Reorganization proposed prior to, or after, the confirmation of and the entry of an Order of Confirmation pursuant to Section 1127 of the Bankruptcy Code.

(g) for the purposes of entry of a final decree concluding and terminating this reorganization case.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

The disbursing agent for all payments made under the Plan shall be RISING SUN PROPERTIES, L.L.C., Debtor.

All property of the estate shall become the property of the Debtor once the Plan is fully consummated and shall be deemed transferred to Debtor.

The entry of an Order confirming the Plan shall serve to release the Debtor from liability for any claim dealt with in the Plan to any extent other than that provided for in the Plan.

## ARTICLE X

## ALLOWANCE OF ADMINISTRATIVE CLAIMS

Each administrative claimant shall be required to seek court determination of status as an administrative creditor, and as to the reasonableness of the claim. Debtor, as well as any other affected party, retains the right to object to the allowance of any such administrative claims. With the exception of counsel for Debtor, any claimant, having an otherwise allowed or allowable claim, who does not bring a motion to determine administrative status within ninety (90) days following the confirmation of the Plan, shall be deemed to hold an unsecured secured claim without priority, and shall receive the treatment of that class.

## ARTICLE XI

## RIGHTS OF PRIORITY CLAIMANTS

All claimants having a claim of the kind specified described in 11 U.S.C. S507(a)(7) will receive an account of such claim deferred payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the Plan, to the allowed

amount of such claim.

Except as otherwise might be agreed, the UNITED STATES/INTERNAL REVENUE SERVICE shall receive on account of its priority claims deferred cash payments commencing on the effective date of the Plan and continuing monthly thereafter. The claims shall bear interest from and after the effective date of the Plan at the rate and in the manner set forth under Sections 6621 and 6622 of the Internal Revenue Service Code. The monthly cash payments shall be in an amount sufficient cumulatively to pay all such priority claims and interest accruing thereon within six years from the date the claims were assessed, unless otherwise agreed. That said, there are no known claims owing to Internal Revenue Service.

## ARTICLE XII

## RIGHTS OF SECURED CLAIMANTS

Notwithstanding any other provision in the Plan, no secured claimant shall be required to accept less than the present value of the amount which would be received if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such secured creditor agrees to the contrary. Additionally, notwithstanding any other provision in the Plan to the contrary, in any sale or auction of the assets of the Debtor pursuant to the Plan, secured creditors may avail themselves of any right conferred upon them by the Bankruptcy Code or obtained by them from the Bankruptcy Court.

Each holder of a secured claim shall retain the lien securing its claims, whether the property subject to such liens is retained by the Debtor or transmitted to proceeds, to the allowed amount of such claims. Each holder of a secured claim shall receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of such secured holder's interest in the estate's interest in such property. In any sale of any property that is subject to the liens securing such claims, free and clear of such liens, such liens will attach to the proceeds of such sale, and the treatment of such liens on proceeds shall be the same as that of the liens upon the property itself, or such secured claimants may receive the indubitable equivalent of their claims as provided in Section 1129(b)(2) of the

Bankruptcy Code.

## ARTICLE XIII

### RIGHTS OF UNSECURED CLAIMANTS

Notwithstanding any other provision in the Plan, no claimant holding an unsecured claim without priority shall be required to accept less than the present value of the amount which would be received by such claimant if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such creditor holding an unsecured claim without priority agrees to the contrary.

## ARTICLE XIV

### CRAM-DOWN (11 U.S.C. 1129(b))

If all of the applicable requirements for confirmation of a plan are met, other than the requirement set forth in 1129(a)(8), to wit: that each impaired class accept the Plan, Debtor requests that the Plan be confirmed notwithstanding such requirement if the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

## ARTICLE XV

### PAYMENT OF SECTION 1930 FEES

All fees required by Section 1930 have been paid, or if not paid, will be paid within 90 days of the effective date of the Plan.

## ARTICLE XVI

### REFINANCING OPTIONS

Debtor reserves the right, at any time, to solicit refinancing of any or all of its obligations, and thereby pay or otherwise pay outstanding claims. There shall be no penalty for prepayment, and, if applicable, only the interest accrued as of the date of payment of a particular claim shall be allowed.

\* \* \* \*

\* \* \* \*

## ARTICLE XVII

### INCORPORATION OF DISCLOSURE STATEMENT

The Court-approved Disclosure Statement, as it may be amended in the Order of the Court approving same, and to the extent that it is not in conflict with the Plan of Reorganization is incorporated herein by reference as though set forth at length, since it may disclose information helpful in the confirmation of the Plan.

Dated this *14th* of March, 2005.

/s/ *Michael J. Dawson*
MICHAEL J. DAWSON, ESQ.
State Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for Debtor