Michael B. Wixom, Esq.
Nevada Bar No. 2812
Jennifer Bojdak, Esq.
Nevada Bar No. 7668
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, NV 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Attorneys for Secured Creditor
Sun West Bank

E-Filed on March 23, 2005

# U.S. BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:                                   )
                                         )   Case No. BK-S-04-19784-BAM
RISING SUN PROPERTIES, L.L.C.,           )   Chapter 11
                                         )
            Debtor.                      )   Hearing Date: April 6, 2005
                                         )   Hearing Time: 9:30 a.m.
_____)

### OPPOSITION TO DEBTOR'S MOTION TO EXTEND BANKRUPTCY STAY AFFORDED DEBTOR TO CODEBTOR

Secured Creditor Sun West Bank (the "Bank) hereby submits its opposition to the Motion to Extend Bankruptcy Stay Afforded Debtor to Codebtor (the "Motion") filed by Debtor RisingSun Properties, L.L.C. ("Debtor" or "RisingSun")

### FACTUAL BACKGROUND

Sun West Bank is a secured creditor of RisingSun, and a related entity, Island Dreams, L.L.C. ("Island Dreams") Both RisingSun and Island Dreams have filed for Chapter 11 Bankruptcy. (Island Dreams case number: 04-19584.)

As this Court may be aware, based on payment default of RisingSun and Island Dreams under two sets of loan documents in favor of the Bank, the Bank filed suit against Island

Dreams, RisingSun, and Mr. Leslie I. Fujimoto ("Mr. Fujimoto") in State District Court (Case No. A485610) (the "State Court Action") on May 14, 2004. The Bank's Amended Complaint in the State Court Action sought judgment in its favor against Island Dreams on its obligations pursuant to the Bank's rights and remedies with respect to a payment default, as set forth in the loan documents evidencing an obligation in the original principal amount of $680,000 (the "Island Dreams Loan"). The Bank's Amended Complaint sought appointment of a receiver in connection with the loan documents evidencing RisingSun's obligation in the original principal amount of $1,920,000 (the "RisignSun Loan"), pursuant to the Banks' rights and remedies upon a payment default of RisingSun. Moreover, the Bank's Amended Complaint seeks judgment against Mr. Fujimoto, pursuant to two independent guaranties he executed in connection with the Island Dreams Loan and the RisingSun Loan, respectively. (A copy of the Bank's Amended Complaint in the State Court Action is attached hereto as Exhibit A.) The Court is referred to the "general allegations" of the Bank's Amended Complaint for a complete factual background of the Island Dreams Loan and the RisingSun Loan, including Mr. Fujimoto's independent obligations to the Bank, and the payment default of Island Dreams, RisingSun and Mr. Fujimoto.

Upon the filing of the instant Chapter 11 Bankruptcy matter, and the Island Dreams Chapter 11 Bankruptcy matter, the State Court Action was stayed with respect to the Bank's action against Island Dreams and RisingSun. However, it has been and still is the Bank's position that the State Court Action has not been stayed with respect to Mr. Fujimoto, as there is no basis to stay the action due to his independent, separate, and distinct obligations to the Bank.

**LEGAL ARGUMENT**

Contrary to Debtor's argument, section 362 of the Bankruptcy Code should not and

Page -2-

cannot operate to extend the automatic stay in favor of Mr. Fujimoto. Mr. Fujimoto is not a debtor, and there is no applicable provision that provides him with automatic stay protection.

The automatic stay of Section 362 of the [Bankruptcy] Code[1] stays judicial proceedings against the debtor or property of the debtor's estate, but not against any other entity or an other entity's assets. <u>In contrast to Chapter 13, there is no provision in Chapter 11 for applying the stay to co-debtors.</u>" *In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610, 614 (B.A.P. 9th Cir. 1990) (emphasis added). Moreover, it is clear that had Congress intended to extend the stay in Chapter 11 matters to codebtors, they could have done just that:

> Congress knew how to extend the automatic stay to nonbankrupt parties when it intended to do so. Chapter 13, for example, contains a <u>narrowly</u> drawn provision to stay proceedings against a limited category of individual cosigners of consumer debts <u>No such protection is provided to the guarantors of Chapter 11 bankrupts by § 362(a)</u>.

Id., quoting *Credit Alliance v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988) (emphasis added) (internal quotations omitted). Accordingly, it is clear that Congress never intended for the automatic stay to extend to guarantors of obligations of Chapter 11 debtors, such as the case here.

The automatic stay provisions of the Bankruptcy Code <u>do not</u> operate to extend the protections of such automatic stay to Mr. Fujimoto or his property. *Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc.*, 125 B.R. 259 (B.A.P. 9th Cir. 1991) ("The automatic stay of section 362(a) protects **only** the debtor, property of the debtor or property of the estate.")(emphasis added); *United States v. Dos Cabeza Corp.*, 995 F.2d 1486 (9th Cir. 1993); and *In re Torrez*, 132 B.R. 924 (Bkrtcy E.D. Cal. 1991). In fact, <u>this Circuit has specifically found that</u>

---

[1] 11 U.S.C. § 362

section 362(a) of the Bankruptcy Code does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor. *Ingersoll-Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) (emphasis added).

The limited situations where the automatic stay may be extended to a co-debtor would certainly not apply here. Moreover, the Bank is not seeking payment of the Island Dreams Loan and the RisingSun Loan from the assets of the bankruptcy estates of Island Dreams and RisingSun, but merely seek to have Mr. Fujimoto's unconditional and independent liability on the Island Dreams Loan and RisingSun Loan, respectively, reduced to judgment, pursuant to the undisputed provisions of the respective guaranties of Mr. Fujimoto.

The position set forth by Debtor's counsel[2] (Motion, paragraph 11) has been explicitly rejected in this Circuit. *See In re Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989) (where the Court acknowledged the "unusual situation" exception as set forth in *A.H. Robins*, and declined to extend such a rule in the Ninth Circuit.) Moreover, even *A.H. Robins* limited its own exception "by excluding from the coverage of the automatic stay cased in which the third party (or codefendant) is "independently liable" to the creditor. *In re Lockard*, 884 F.2d at 1179 (emphasis added). *See also A.H. Robins*, 788 F.2d at 999.

Here, it is abundantly clear that the automatic stay of 11 U.S.C. § 362 does not apply to the State Court Action against Mr. Fujimoto. *In re Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989), *Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc.*, 125 B.R. 259 (B.A.P. 9th Cir. 1991), and *Ingersoll-Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424,

---

[2] Debtor's motion relies on *A.H. Robins v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251 (1986).

Page -4-

1427 (9th Cir. 1987). As mentioned, Mr. Fujimoto's obligations to the Bank are separate, distinct, and independent of the obligations of Island Dreams and RisingSun. Accordingly, this Bankruptcy Court should not extend the automatic stay to Mr. Fujimoto.

## CONCLUSION

Based on the foregoing, Sun West Bank submits that this Court should deny Debtor's Motion, and not extend the automatic stay provisions of Section 362 of the Bankruptcy Code to Mr. Fujimoto.

DATED this 23 day of March, 2005.

SMITH LARSEN & WIXOM

*/s/ Jennifer Bojdak*

Michael B. Wixom, Esq.
Nevada Bar No. 2812
Jennifer Bojdak, Esq.
Nevada Bar No. 7668
1935 Village Center Circle
Las Vegas, NV 89134
Attorneys for Secured Creditor
Sun West Bank