Michael B. Wixom, Esq.
Nevada Bar No. 2812
Jennifer Bojdak, Esq.
Nevada Bar No. 7668
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, NV 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Attorneys for Secured Creditor
Sun West Bank

E-FILED ON
April 11, 2005

## U.S. BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

RISING SUN PROPERTIES, L.L.C.,

Debtor.

Case No. BK-S-04-19784-BAM
Chapter 11

Hearing Date: April 15, 2005
Hearing Time: 9:30 a.m.

### OBJECTION TO DISCLOSURE STATEMENT OF RISINGSUN PROPERTIES, L.L.C.

Secured Creditor Sun West Bank (the "Bank) hereby submits its objection to the Disclosure Statement of RisingSun Properties, L.L.C. ("Debtor" or "RisingSun"). This Objection is made and based upon 11 U.S.C. §1125 and LR 3016(f), and is based upon the points and authorities set forth below, the pleadings and papers on file herein, and any argument this court may entertain at the time of the hearing.

### FACTUAL BACKGROUND

The Bank is a secured creditor of Debtor pursuant to a Promissory Note dated January 31, 2002 (the "Note"), evidencing a loan in the principal amount of $1,820,000 (the "subject loan") with respect to Debtor's purchase of certain real property located at 2640 E. Sunset Road, Las Vegas,

Nevada (the "subject property").

The subject loan is subject to the terms and conditions as set forth and included in the Term Loan Agreement dated January 31, 2002 (the "Loan Agreement"). Further, on or about January 31, 2002, Debtor executed a Deed of Trust and Security Agreement with Assignment of Rents and Fixture Filing (the "Deed of Trust"), in favor of the Bank, which secured the payment of the Note by Debtor. The Deed of Trust granted to the Bank a security interest in and to the subject property owned by Debtor. The Deed of Trust also granted to the Bank a security interest in and to certain personal property of the Debtor, including, without limitation, Debtor's buildings, structures, and improvements, building materials, fixtures and equipment, income, receipts, revenues, rents, and issues and profits (the "subject collateral"). The Bank perfected its security interest in and to the subject property by recording the Deed of Trust with the Clark County Recorder's Office as document 20020201.01816. Moreover, the Bank perfected its security interest in and to the subject collateral by filing the appropriate UCC-1 Financing Statement with the Nevada Secretary of State (the "Financing Statement").

Moreover, on or about January 31, 2002, Debtor executed an Assignment of Rents and Leases (the "Assignment of Rents") in favor of the Bank. As additional security for the Loan, Debtor assigned to the Bank all rents, issues, and profits of the subject property. The Assignment of Rents was recorded with the Clark County Recorders Office as document 20020201.01817.

Situated on the subject property is Nikki Lee's Sports Pub & Grille, which is owned and operated by Island Dreams, L.L.C. ("Island Dreams"), a related Debtor, also in Chapter 11 Bankruptcy. Island Dreams makes rental payments to Debtor, which payment is used to make monthly payments on the subject loan to the Bank. Debtor, accordingly, relies exclusively on Island Dreams for its debt service payments to the Bank.

Debtor has been making adequate protection payments to the Bank in the amount of the usual monthly payment pursuant to the Note. Despite these payments, there are ongoing concerns regarding Debtor's and Island Dreams' economic and financial viability, and their ability to remain current on all of their financial obligations.

## IRS CLAIM

The IRS recently filed a proof of claim (on March 29, 2005) indicating a priority claim in the amount of $156,000. Although filed after the Disclosure Statement, it is the Bank's position that Debtor must amend or supplement its Disclosure Statement with respect to this claim, and indicate how it will be dealt with. If such a tax liability does exist, the priority of certain debts may change, and the plan payments currently designated to curing Debtor's arrearages to the Bank may be in jeopardy.

## DEBTOR'S PROPERTY INSURANCE

Debtor and Island Dreams propose to continue the business operations located on the subject property as a means to accomplish the elements of both Island Dreams' and Debtor's reorganization plan. However, the Bank was recently informed that the liability insurance for Island Dreams, and the property insurance for Debtor, was cancelled effective April 2, 2005. (*See* Exhibit B to Island Dreams' Objection to Disclosure Statement.) Despite notice of the pending cancellation, Debtor has failed to provide the Bank with evidence of renewed insurance as of the day of cancellation.

Lack of property insurance is a material default pursuant to the loan documents evidencing Debtor's indebtedness to, and the related security interest of, the Bank, including the Deed of Trust. The cancellation of the Debtor's insurance is additional evidence of the weaknesses of Debtor's plan of reorganization, and, further, indicates Debtor's inability to remain current on its

obligations.

## ISLAND DREAMS, L.L.C'S DISCLOSURE STATEMENT AND PROPOSED PLAN

The continued payments of Debtor, both current and arrearages, to the Bank necessarily are based on Island Dreams' ability to meet its monthly obligations. The Bank has set forth significant concerns, objections, and deficiencies with respect to Island Dreams' Disclosure Statement, and ultimately, Island Dreams' proposed plan of reorganization, which are incorporated herein by this reference. Accordingly, the Bank, objects to Debtor's Disclosure Statement and proposed plan of reorganization. (Objection to Disclosure Statement of Island Dreams, L.L.C., attached hereto as Exhibit A, and incorporated herein.)

The Bank does not believe that Island Dreams has set forth a viable and feasible plan of reorganization. Accordingly, the proposed plan of Debtor cannot be viable and feasible, as it relies exclusively on the effectiveness of the Island Dreams plan of reorganization.

## CONCLUSION

Based on the foregoing, Sun West Bank submits that Debtor's Disclosure Statement cannot be confirmed without additional information as outline above.

DATED this _11_ day of April, 2005.

SMITH LARSEN & WIXOM

_Jennifer Bojdak_
Michael B. Wixom, Esq.
Nevada Bar No. 2812
Jennifer Bojdak, Esq.
Nevada Bar No. 7668
1935 Village Center Circle
Las Vegas, NV 89134
Attorneys for Secured Creditor
Sun West Bank

Page -4-