Rising Sun Properties, L.L.C.
Amended Chapter 11 Plan
**Exhibit 2**

## AGREEMENT TO COMPROMISE CLAIMS OF SUN WEST BANK AGAINST ISLAND DREAMS, L.L.C. AND RISING SUN PROPERTIES, L.L.C

WHEREAS, Island Dreams, L.L.C. (hereinafter, at times, "Island Dreams") is currently in a Chapter 11 bankruptcy proceeding and has proposed a Second Amended Chapter 11 Plan of Reorganization; and

WHEREAS, Rising Sun Properties, L.L.C. (hereinafter, at times, "Rising Sun") is currently in a Chapter 11 bankruptcy proceeding and has proposed an Amended Chapter 11 Plan of Reorganization; and

WHEREAS, Sun West Bank (herein after, at times, the "Bank") is the principal unrelated secured creditor in the Chapter 11 bankruptcy proceeding of Island Dreams, L.L.C., as well as the principal secured creditor in the Chapter 11 bankruptcy proceeding of Rising Sun Properties, L.L.C.; and

WHEREAS, the loan owing by Island Dreams to Sun West Bank is secured by personal property of Island Dreams, the value of which personal property is not easy to ascertain; and

WHEREAS, the maturity date of the loan owing to Sun West Bank is January 31, 2007, at which time the entire remaining balance will be due and payable; and

WHEREAS, Island Dreams has proposed, in its Second Amended Chapter 11 Plan, to extend to the payment of the claim of Sun West Bank through January 31, 2012; and

WHEREAS, the parties wish to resolve their differences and agree upon a treatment under the Second Amended Chapter 11 Plan of Island Dreams, L.L.C. and under the Amended Chapter 11 Plan of Rising Sun Properties, L.L.C.,

1

NOW THEREFORE, the parties agree as follows:

1.     The maturity date of the Island Dreams loan will be extended to January 31, 2009 and Island Dreams will propose an amendment to its Second Amended Plan to reflect this earlier date. Any remaining balance on January 31, 2009 must be paid in full.

2.     The parties will enter into a cross-collateralization agreement with respect to the security for the Island Dreams loan and the Rising Sun loan.

3.     Leslie I. Fujimoto, Jr., a principal of Island Dreams, L.L.C. and Rising Sun Properties, L.L.C., will enter into a Stipulated Judgment under the respective Guaranties of the Island Dreams and Rising Sun loans, for the accelerated balances, with interest accruing at the contractual rate, which will not be executed upon or enforced unless and until there should occur a default under the Island Dreams and/or Rising Sun confirmed Chapter 11 Plans.

4.     Island Dreams will make payments of $1,000.00 per month in addition to the amounts currently provided for in Island Dreams, L.L.C. Chapter 11 Plan. The $30,000.00 in administrative fees advanced by the Bank during 2004 and 2005 will be incorporated into the total principal balance owing. Sun West Bank may opt to create one or more additional separate promissory notes reflecting the arrearages owing on obligations to the Bank and advancements made by the Bank for taxes, insurance and the like, for either or both Debtors.

5.     Island Dreams and Rising Sun will not be permitted to obtain secondary financing secured by any of Sun West Bank's collateral, without having first obtained written permission of Sun West Bank, which permission cannot be unreasonably withheld. Island Dreams and Rising Sun Properties acknowledge and agree that the Bank may make a debt coverage ratio of 1.25 to 1, on the total loans against the collateral (including the proposed secondary financing), one of the conditions in determining whether permission is reasonably withheld. Debt coverage ratio is defined as the

ratio of net income generated from the property (before taxes, depreciation, interest and amortization) to debt service. Secondary financing is defined as additional financing secured by deeds of trust and/or security interests junior to those of Sun West Bank, and does not include replacement financing for the entire claims of Sun West Bank against Island Dreams, L.L.C. and/or Rising Sun Properties, L.L.C.

6. A reserve account will be set up for Island Dreams, L.L.C., into which account will be deposited funds over and above those necessary for operations and Plan payments in the Island Dreams, L.L.C. case. The purpose of the reserve fund would be to insure that funds are available for the payment of debt service and Plan payments. Whenever the balance of funds in the reserve account is less than $50,000.00, or if a proposed utilization of funds would render the account balance less than $50,000.00, Island Dreams must give written notification to Sun West Bank before using any of the funds. On a quarterly basis, any amounts over the $50,000.00 in the reserve account will be split between Island Dreams, L.L.C. and Sun West Bank, with the Bank's portion being applied against the outstanding remaining balance owing. The half of the excess reserve funds given to Island Dreams may be utilized by Island Dreams for any purpose deemed appropriate by management.

7. Increases in management salaries for managers at Island Dreams, L.L.C. may only come from Island Dreams' half of the reserve fund excess over $50,000.00, as described in paragraph 6.

8. Any state court litigation, brought by Sun West Bank against Jerry Rispoli and related defendants will be dismissed by Sun West Bank, thereby relieving Island Dreams and its principals of the obligation to indemnify Jerry Rispoli and the related defendants. Likewise, the Adversary Proceedings in the Bankruptcy Court brought by Island Dreams, L.L.C. and by Rising Properties,

L.L.C. against Sun West Bank will be dismissed.

9. The parties will cooperate in preparing and executing of any and all documents and pleadings deemed necessary to effectuate the terms of this agreement.

10. The parties will cooperate in obtaining any needed Bankruptcy Court or Clark County District Court approval of the instant agreement to compromise of the claims of Sun West Bank.

11. Island Dreams, L.L.C. and Rising Sun Properties, L.L.C. shall propose such modifications to the presently-proposed Chapter 11 Plans in each case, as needed, to embody the agreements made herein.

12. Sun West Bank agrees to the treatment as provided in the Second Amended Plan of Island Dreams, L.L.C. and the Amended Plan of Rising Sun Properties, L.L.C., as modified by the provisions of this Agreement.

Dated this _____ day of September, 2005

| ISLAND DREAMS, L.L.C. | SUN WEST BANK |
|---|---|
| by: Leslie I. Fujimoto, Jr. | by: |
| Title: Managing Member | Title: |

RISING SUN PROPERITES, L.L.C.

by: Leslie I. Fujimoto, Jr.
Title: Managing Member

**EXHIBIT 3**

4